[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10750
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20401-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISANTO DIEGO TREJOS ORTIZ,
a.k.a. Crisanto Diego Trejos-Ortiz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 20, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

We sua sponte vacate and reconsider our original opinion in this matter. We substitute the following opinion for our original opinion.

Crisanto Diego Trejos Ortiz appeals his sentence of 180 months of imprisonment, following his pleas of guilty to smuggling goods from the United States, 18 U.S.C. §§ 554, 2, and possessing a firearm as a convicted felon, id. § 922(g)(1). Trejos Ortiz appeals the enhancement of his sentence for being a manager of an organization that illegally exported components for firearms and the reasonableness of his sentence. We affirm.

The district court did not abuse its discretion when it enhanced Trejos Ortiz's sentence for his role as a manager. A defendant is subject to a three-point increase in his base offense level if he served as "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." United States Sentencing Guidelines Manual § 3B1.1(b) (Nov. 2011). The district court could determine Trejos Ortiz's role based on the facts in his presentence investigation report. See United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006). Although Trejos Ortiz objected to his classification as a manager, at his sentencing hearing, he challenged only the "legal issue" of how his conduct "compar[ed] . . . [to] the other conspirators that were involved and the different roles of all of them." Trejos Ortiz admitted, by "fail[ing] to object to [the] allegations of fact in [his presentence report]," United

2

States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006), that he provided currency, shipping information, and storage locations for the organization; he rented a garage used to store and package components to export; and he gave instructions to other members of the organization. Trejos Ortiz also admitted to facts establishing that he had exercised "control over at least one other participant in the criminal activity." United States v. Jennings, 599 F.3d 1241, 1253 (11th Cir. 2010). Trejos Ortiz confessed to federal investigators that he directed David Loaiza to retrieve a shipment of 27 receivers and gave Loaiza cash and an automobile to transport the shipment. Trejos Ortiz argues that he was subordinate to Andres Campo, but that does not absolve Trejos Ortiz for the logistical support he provided the organization or his role in directing Loaiza to undertake activities that benefitted the organization. See United States v. Jones, 933 F.2d 1541, 1546–47 (11th Cir. 1991).

The district court also did not abuse its discretion when it sentenced Trejos Ortiz to a term of 120 months for his smuggling crime to run consecutively to a term of 60 months for his firearm offense. At the request of the government, the district court varied upward from Trejos Ortiz's advisory guideline range of 87 to 108 months. The district court provided five reasons for its upward variance: (1) Trejos Ortiz's "actions contributed to and led to the death of cohort Erik Comesana" or, "[a]t a minimum[,] [established that] he was an accessory after the

3

fact"; (2) the grouping of Trejos Ortiz's offenses did not account for his illegal possession of two firearms; (3) Trejos Ortiz "was involved . . . [in a sophisticated operation to] ship[] firearms to Colombia, a source country"; (4) he "used his status as a DEA confidential informant . . . [to] stay[] in the country and . . . to commit further crimes"; and (5) he had a "history of drug dealing and arms trafficking and [had] consistently manipulated the justice system." Trejos Ortiz challenges the finding that he was involved with the murder, but we cannot say that finding is clearly erroneous in the light of Trejos Ortiz's admissions that he had accompanied Comesana to lawyers' offices, monitored the status of Comesana's cooperation with authorities for Campo, saw Comesana's dead body, disposed of Comesana's vehicle, and continued thereafter to participate in the organization. See United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir. 1999). The district court reasonably determined that an upward variance was necessary to address the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Trejos Ortiz had violated the law repeatedly, twice entering the United States illegally, committed crimes of escalating violence, and flagrantly disregarded the law by feigning cooperation with authorities while attempting to convince third parties to dispose of incriminating evidence. Trejos Ortiz's sentence is reasonable.

We **AFFIRM** Trejos Ortiz's sentence.

4